IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MITCHELL J. GRIFFITH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No.    CIV-07-673-HE |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423 and supplemental security income (SSI) under 42 U.S.C. §1382c(a)(3)(A). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings.**

## PROCEDURAL HISTORY

Plaintiff protectively filed his applications for DIB and SSI on November 4, 2004 alleging that he had been disabled since March 12, 2002 (TR. 42-44, 180-181). The applications were denied on initial consideration and on reconsideration at the administrative level (TR. 21, 183, 188). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on August 22, 2006 (TR. 198-215). The Plaintiff appeared in person and with his attorney and offered his testimony in support of the applications (TR. 201-212). A vocational expert (VE) testified at the request of the ALJ (TR. 212-214). The ALJ issued his decision on October 12, 2006 finding that Plaintiff was not entitled to DIB

or SSI (TR. 13-19). The Appeals Council denied the Plaintiff's request for review on May 4, 2007, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 5-7).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability applications the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 15). At step two, the ALJ concluded that Plaintiff had the following severe impairments: Degenerative disk disease of the lumbar spine; status-post injury of the left rotator cuff; status post remote injury to the left ankle in 1989 with subsequent surgery; and moderate obesity (TR. 15). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meets or equals any impairment listed in 20 C.F.R. Part 404,

Subpart P, Appendix 1 (TR. 16). At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work (PRW) (TR. 17).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff retained the RFC to perform a significant range of sedentary work provided that Plaintiff avoid work above the shoulder level (TR. 16).  The ALJ used Medical Vocational Rule 201.28 as a framework for decision making and considered the testimony of the VE in determining that the following jobs existing in significant numbers in the national economy could be performed by Plaintiff: Polisher, telephone quotation clerk and table worker (TR. 18). Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB or SSI (TR. 18-19).

On appeal to this Court, Plaintiff alleges that the ALJ erred at step five by failing to specify jobs which Plaintiff could perform which coincide with specific jobs identified in the Dictionary of Occupational Titles (DOT); and further failed to properly assess and consider the impact and erosion effect of Plaintiff's inability to perform work above shoulder level (See Plaintiff's Brief at pages 3-11).

Before an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the requirements of identified jobs corresponds with the DOT, and elicit a reasonable explanation for any discrepancy on this point. *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999).  An ALJ is required to use information provided by the DOT to assess occupational skill requirements, but it is evident that the DOT's "information about skills must be massaged, if you will, into the agency's classifications. 20 C.F.R. 404.1568; *Haddock* at 1089. Here, as in *Haddock*, the ALJ did not ask the

VE to explain her thought process, nor did he ask her to identify corresponding DOT job classifications, but settled for a summary conclusion.

The ALJ posed a hypothetical to the VE which included, among other restrictions, that Plaintiff could perform only sedentary work and must avoid work above shoulder level (TR. 213). The VE's response was that under the hypothetical, Plaintiff's PRW would be eliminated (TR. 213). The transcript then shows "Q [INAUDIBLE][1] significant jobs in the regional and national economy, if so could you give me some representative examples?" (TR. 213). The VE's response gave examples of polisher, telephone quotation clerk and table worker (TR. 213). The VE failed to identify the jobs' specific DOT classifications.  As argued by Plaintiff, the three jobs identified by the VE in her response to the hypothetical generate dozens of DOT job classifications with varying exertional and skill requirements.  Absent specific testimony from the VE as to which of these dozens of jobs Plaintiff is able to perform, the Commissioner cannot meet his burden at step five.   The ALJ's pre-emptive request of the VE that "if your testimony varies from the Dictionary of Occupational Titles, please say so as you go along" detracts from the credibility of her findings (TR. 212). The better practice would be to complete the hypothetical questions, obtain responses, identify specific jobs with classification numbers, and then determine whether there is a variance.

As in *Haddock*, the court finds it unnecessary to parse through the dozens of jobs which fall under the general classifications identified by the VE and further parse through the respective exertional requirements for these jobs when such is clearly the function of the ALJ and the VE.  On remand, once the VE identifies specific jobs Plaintiff can perform, the VE should then provide specific DOT job classification information and indicate whether there are any discrepancies.  If there are discrepancies then the ALJ must elicit a reasonable explanation for the discrepancy.  *See Haddock* at 1087. Absent specific testimony from the VE as to whether this Plaintiff's RFC (including

---

[1] The transcript of the ALJ's hypothetical question contained two "INAUDIBLE" portions.  The absence of a complete record at such a critical point in the administrative hearing frustrates judicial review and may have affected the ability of the Commissioner to sustain its burden at step five.

4

avoiding all work above shoulder level) would rise to the DOT's exertional level required for the jobs identified, this case defies judicial review.

Thus, it appears that the Commissioner's conclusions at step five are not supported by substantial evidence.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 12th day of May 2008.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

Griffith(R) F&R step5 dot.doc